LEE E. SHELDON, Bar No. 263310
lsheldon@littler.com
ANGELA J. RAFOTH, Bar No. 241966
arafoth@littler.com
SAMLECIA D. GAYE, Bar No. 296981
sgaye@littler.com
LITTLER MENDELSON, P.C.
101 Second Street, Suite 1000
San Francisco, California 94105
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendant,
BEAZLEY USA SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIYANA BROWN, on behalf of herself, the other aggrieved employees, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEAZLEY USA SERVICES, INC.; ANDREW ORTIZ; JENNY HAN; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:24-cv-9035<br><br>*[Removed from San Francisco Superior Court Case No.: CGC-24-619614]*<br><br>**DEFENDANT, BEAZLEY USA SERVICES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF KIYANA BROWN:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant BEAZLEY USA SERVICES, INC. ("Defendant" or "Beazley") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of San Francisco to the United States District Court, Northern District of California. Removal is proper based on the complete diversity of citizenship between Plaintiff Kiyana Brown ("Plaintiff") and Defendants Beazley, Defendant Jenny Han, and Defendant Andrew Ortiz, as further discussed below.

More specifically, in support of this Notice of Removal, Beazley alleges as follows:

1. On or about November 6, 2024, Plaintiff Kiyana Brown ("Plaintiff") filed her Complaint (Case No. CGC-24-619614) in the Superior Court of the State of California, County of San Francisco ("State Action"). A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Lee Sheldon in Support of Defendant's Removal ("Sheldon Decl."). On November 13, 2024, Defendant's counsel accepted service of the Summons and Complaint via e-mail. Sheldon Decl. ¶3. Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28 U.S.C. § 1446(b), and removal is proper. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from service of summons and complaint); *see also Novak v. Bank of New York Mellon Trust Co., NA.* 783 F.3d 910 (2015) (defendant could remove state-court action to federal court after lawsuit was filed but before it was formally served). Further, to Defendant's knowledge, none of the individual defendants have been served before and/or during the filing of this removal; thus, none need join in the Notice of Removal. See *Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves.").

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

2. The Complaint alleges ten non-wage and hour claims brought under California state law: (1) Discrimination based on gender and disability in violation of California's Fair Employment & Housing Act (the "FEHA"); (2) Failure to engage in a good faith interactive process in violation of the FEHA; (3) Failure to Accommodate a Disability in violation of the FEHA; (4) Retaliation in violation of Labor Code §§§ 98.6, 233, and 1102.5; (5) Retaliation in violation of the FEHA; (6) Failure to Prevent Discrimination and Retaliation in violation of the FEHA; (7) Negligent Hiring, Supervision, and/or Retention; (8) Wrongful Termination; and (9) Intentional Infliction of Emotional Distress. In addition, the Complaint alleges a tenth cause of action for violation of California's Private Attorney General Act ("PAGA") and an eleventh cause of action asserting a variety of class action claims for the following wage and hour violations: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay employees all wages for all hours worked; (4) failure to provide accurate payroll records; (5) failure to pay all wages owed at separation; (6) unreimbursed business expenses; and (7) Business and Professions Code 17200, unfair competition.

3. In addition to the named defendant Beazley, the Complaint names employees Andrew Ortiz and Jenny Han as co-defendants and fictious defendants Does 1-50.

## I. VENUE

4. This action was filed in the Superior Court of the State of California, Count of San Francisco. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 84(a), 1441(a) and 1446(a).

## II. DIVERSITY JURISDICTION

5. This action is removed pursuant to the procedures found in 28 U.S.C. section 1332(a) (diversity of citizenship). It is an action that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states (Plaintiff and Defendants Beazley and

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

Andrew Ortiz) without consideration of Defendant Jenny Han, who was fraudulently joined, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A. There Is Complete Diversity Between the Parties.**

6. Plaintiff is a Citizen of California. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place of residence with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

7. As stated in Paragraph 1 of Plaintiff's Complaint: "[a]t all relevant times mentioned herein, Plaintiff Kiyana Brown is a resident of the State of California. (Ex. A, ¶ 1.) Defendant has thus established by a preponderance of the evidence that Plaintiff is domiciled in California, and is, thus, a citizen of California. *See id.*; *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7.

8. Defendant Beazley is not a Citizen of California. For purposes of determining citizenship of a corporation, a corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

9. Here, Defendant was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware. (Declaration of

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA 94105
415.433.1940

Lindsey Campos in Support of Defendant's Removal ("Campos Decl."), ¶3.) As the Supreme Court has recently held, a corporation's principal place of business is where "the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' . . . the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (internal citations omitted). Here, Defendant maintains its corporate headquarters in West Hartford, Connecticut. (Campos Decl., ¶3.) Accordingly, for purposes of jurisdiction under 28 U.S. Code § 1332(a), Defendant is a citizen of Delaware and Connecticut, but is not a citizen of California.

10. Individual Defendant Andrew Ortiz is a citizen of Illinois. In her Complaint, Plaintiff alleged claims against individual co-defendant Ortiz. (Ex. A, ¶ 1.) A person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d at 1090. However, here defendant Ortiz has been and continues to be domiciled and employed by Defendant in Illinois. (Campos Decl., ¶6.) Defendant Ortiz resides in Chicago, Illinois. (*Id.*) Therefore, Defendant Ortiz is a citizen of Illinois for purposes of diversity jurisdiction and is not a citizen of California. *See Mitchell v. United States*, 88 U.S. 350, 353 (1874) ("A domicile once acquired is presumed to continue until it is shown to have been changed. Where a change of domicile is alleged the burden of proving it rests upon the person making the allegation.").

11. Citizenship of Defendant Jenny Han is Disregarded as a Sham Defendant Because Plaintiff Has Not Stated any Valid Claims Against Defendant Han. Defendant Han is not a proper party to this lawsuit and for purposes of diversity, her citizenship must be disregarded. Although Plaintiff alleges "on information and belief" that individual defendant Jenny Han is a resident of California, simply naming her as an individual defendant cannot defeat diversity. *See* (Ex. A, ¶ 4.) Defendant is informed and believes that Defendant Han has not been served in this matter. (Campos Decl., ¶7.)

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA 94105
415.433.1940

12. A non-diverse party named in the state court action should be disregarded if the federal court determines that party's joinder is "fraudulent," or a "sham," such that no viable cause of action has been stated against that party. "[A] joinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015). A court may look beyond the pleadings to extrinsic evidence to determine if a defendant is fraudulently joined. *Ramirez v. Quad Graphics, Inc.*, Case No. EDCV 23-62 JGB (KKx), 2023 WL 3254979, at *4 (C.D. Cal. May 4, 2023). If there is no possibility that the state court would recognize a valid cause of action against the non-diverse defendant, then that defendant has been fraudulently joined and must be ignored for purposes of assessing diversity jurisdiction. *See, e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998).

13. Here, Plaintiff has asserted only two causes of action against defendant Han. First, Plaintiff has alleged a cause of action for Retaliation in Violation of the FEHA. (Ex. A, ¶¶ 115-124.) However, under well settled California law, individuals such as Han, including all managers, supervisors, and coworkers cannot be held personally liable for Retaliation claims under the FEHA. *See Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1162-1173 (2013); *see also Kovalenko v. Kirkland & Ellis LLP*, No. 22-CV-05990-HSG, 2023 WL 5444728, at *6 (N.D. Cal. Aug. 23, 2023) ("FEHA similarly does not allow for individual liability for discrimination, retaliation, or failure to prevent violations."). Plaintiff's Complaint specifically admits that defendant Han was Plaintiff's "senior coworker." (Ex. A, ¶ 119.) Accordingly, Plaintiff's FEHA Retaliation claim against defendant Han cannot be maintained pursuant to California law and cannot be cured by any potential subsequent amendment.

14. Similarly, Plaintiff's second claim against defendant Han for "Intentional Infliction of Emotional Distress" ("IIED") fails as a matter of law and cannot be maintained. First, Plaintiff's IIED claim is preempted by the exclusivity provisions of California's Workers' Compensation Act ("WCA"). *See Miklosy v. Regents of*

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

*University of California.*, 44 Cal. 4th 876, 902 (2008) (wherein the California Supreme Court noted that "severe emotional distress arising from "outrageous" conduct that occurred "at the worksite, in the normal course of the employer-employee relationship" is the type of injury that falls within the exclusive province of workers compensation and held "Accordingly, we conclude that plaintiff's causes of action for intentional infliction of emotional distress are barred by the worker's compensation exclusive remedy provisions."). Here, Plaintiff specifically alleges that <u>all</u> of Defendant Han's alleged conduct which caused Plaintiff's IIED occurred within the "course and scope of her employment." (*See* Ex. A, ¶ 157, 38:4-5 stating, "All of Defendant Han's actions described were in the course and scope of her employment.")

15. Moreover, Plaintiff's IIED claim against Defendant Han also fails as a matter of law because she does not allege any conduct that is extreme and outrageous. *McCabe v. General Foods*, 811 F. 2d at 1336, 1340 (9th Cir. 1987). Plaintiff's Complaint alleges "Defendant Han's actions were extreme and outrageous because she labeled Plaintiff's pregnancy as "irresponsible," blamed her for passing out, forced her to work overtime, did not allow her time away from her computer and/or phone." (Ex. A, ¶157.) However, liability for Intentional Infliction of Emotional Distress "does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions or other trivialities.'" *See Crouch v. Trinity Christian Center of Santa Ana, Inc.* 39 Cal. App. 5th 996, 1007 (2019); *see also, Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 83 (2017) (citing *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009)). Similarly, managing personnel is not considered outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. *Janken v. GM Hughes Electronics* 46 Cal. App. 4th 55, 80 (1996). A simple pleading of personnel management activity is insufficient to support a claim of Intentional Infliction of Emotional Distress, even if improper motivation is alleged. *Id*.

16. As the foregoing makes abundantly clear, there are no viable claims against defendant Han. The Court should, therefore, disregard the fraudulent inclusion

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

of defendant Han as a defendant in this matter. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998), cert. denied, 525 U.S. 963 (1998) (sham defendants may be disregarded when determining diversity jurisdiction); *McCabe v. General Foods Corp.*, 811 F.2d at 1339.

1. <u>The Citizenship of the DOE Defendants Is Disregarded for Diversity Purposes on Removal.</u> The Complaint names as defendants Does 1 through 50. (*See* Ex. A.) Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

2. Therefore, there is complete diversity between the parties who have been properly joined and served for purposes of removal. *See* 28 U.S.C. §1441(b).

**B. The Amount in Controversy Exceeds $75,000.**

3. <u>Amount in Controversy</u>: A defendant's notice of removal must include only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014). Supporting evidence is only required if the plaintiff contests or the court questions the allegations supporting the removal. *Id.* at 554. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553. Here, Plaintiff expressly admits that she was damaged in "an amount in controversy exceeding $35,000." (Ex. A ¶8.)

4. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). In addition, the Court should aggregate damages in determining whether the amount in controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA 94105
415.433.1940

1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted). Certain allegations, separately and together, sufficiently satisfy the amount in controversy requirement and confirm that Plaintiff seeks in excess of $75,000.

5. Although Defendant denies Plaintiff's claims have merit or that she is entitled to any relief whatsoever, were she to prevail on the claims asserted in the Complaint she would be entitled to seek recovery of an amount exceeding the jurisdictional threshold of $75,000.

6. <u>Special Damages—Past Lost Earnings</u>. First, the Complaint seeks to recover general and special damages. (*See* Ex. A, at Prayer for Relief ¶1.) Plaintiff alleges that she was discriminated against on the basis of her disability and gender and was ultimately terminated unlawfully, and suffered loss of past and future income. (Ex. A ¶¶ 68-79.)

7. If Plaintiff prevails on these claims, she may recover the amount she would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instruction ("CACI") 3903P (2024); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

8. Plaintiff's employment ended on August 9, 2024. (*See* Ex. A ¶ 62.) At the time her employment was terminated, Plaintiff earned an hourly rate of $29.23. (Campos Decl. ¶ 5.) Approximately 16 weeks have elapsed since Plaintiff's discharge; therefore, Plaintiff's **back wages** at this time based on her hourly compensation at the time of discharge, exclusive of benefits, equals approximately **$17,538.00** ($29.23 x 37.5 hours per week x 16 weeks).

9. Assuming a case disposition timeline of 12 months from removal, Plaintiff's past wage loss claim from her employment termination through a potential trial 12 months from removal would amount to **$56,998.50** ($29.23 x 37.5 hours x 52 weeks).

///

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

10. Special Damages—Future Lost Earnings. In addition to past wage loss, if Plaintiff prevails on her claims for disability discrimination, failure to accommodate a disability, and failure to engage in a good faith interactive process, she may recover "the present cash value of any future wages and benefits that she would have earned for the length of time the employment was reasonably certain to continue." *See* CACI 3903P. In determining the amount of time the employment was reasonably certain to continue, the court considers the plaintiff's age, work performance, intent, Defendant's prospects for continued operations, and any other factor that bears on how long Plaintiff would have continued to work for Defendant. *Id.*

11. Previous awards of front wages in California have spanned several years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97-99 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). The guiding principle is the time the Plaintiff was reasonably certain to have continued employment with Defendant. CACI 3903P. Front pay is a temporary and transitional remedy measured by the employee's protected earnings until she is likely to be reemployed. *Contract Damages*, Cal. Prac. Guide Employment Litigation Ch. 17-B. "The U.S. Supreme Court has cited with apparent approval lower court cases upholding front pay awards 'equal to the estimated present value of lost earnings that are reasonably likely to occur between the date of the judgment and the time when the employee can assume his new position.'" *Id.* (quoting *Pollard v. E.I. du Pont de Nours & Co.*, 532 U.S. 843, 850 (2001)).

12. Conservatively estimating that Plaintiff would only have remained employed through a period one-year post trial, the front pay calculation adds an additional **$56,998.50** ($29.23 per hour x 37.50 hours per week x 52 weeks) to the amount in controversy.

13. Emotional Distress Damages. Next, Plaintiff seeks to recover damages for "shock, embarrassment, physical distress and injury, humiliation, emotional distress,

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

fear for [Plaintiff's] infant children" as part of her general/non-economic damages in Paragraphs 64 and 160 of her Complaint.

14. Emotional distress damages have value for purposes of determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount in controversy). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. As district courts in California have recognized, emotional distress damages in discrimination cases can be "substantial," even when lost wages fall short of the jurisdictional minimum. *See, e.g.*, *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (even though plaintiff worked for four months, court cited to $3.5 million pain and suffering award in employment discrimination case as indication that "emotional distress damages in a successful employment discrimination case may be substantial"); *see also Vasquez v. Arvato Digital Servs., LLC*, No. CV-11-02836- RSWL (AJWx), 2011 U.S. Dist. LEXIS 69154, at *7–11 (C.D. Cal. June 27, 2011) (in a discrimination case, finding amount in controversy more likely than not exceeded $75,000 based on claim for $25,171 of lost wages, where plaintiff also sought attorneys' fees, punitive damages, and emotional distress damages).

15. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Based on *Kroske*, an additional $25,000 amount in controversy figure would be a reasonable assessment here.

16. Punitive Damages. Next, Plaintiff seeks to recover punitive and exemplary damages under the first through second; and fourth through eighth causes of action. (*See* Ex. B at Prayer for Relief ¶ 2.) California provides for punitive damages "where

it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Where a plaintiff alleges serious claims for a defendant's misconduct and seeks both compensatory and punitive damages, courts have found it to be facially apparent that the matter in controversy exceeds $75,000. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (jurisdictional amount satisfied based on general damage allegations in complaint); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for pain and suffering and humiliation).

17. Attorney Fees. Lastly, Plaintiff seeks to recover her attorneys' fees as provided per statute under all causes of action alleged in the Complaint. (*See* Ex. B at Prayer for Relief at pp. 59-61) *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *see, e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992) (holding plaintiffs' pro rata share of statutory attorneys' fees included in jurisdictional amount). Here, Plaintiff seeks attorneys' fees under the FEHA, which contains a prevailing party attorneys' fees provision. As courts have stressed, litigating employment cases "will undoubtedly require substantial effort from counsel" and "attorneys' fees in individual discrimination cases often exceed the damages." *Simmons*, 209 F. Supp. 2d at 1035. Reasonable attorneys' fees for a successful employment case through trial could not possibly be less than $75,000. *See id.* (attorneys' fees "necessarily accrue until the action is resolved").

18. Thus, based on the nature of Plaintiff's allegations, the extent and number of claims asserted, and the relief sought by Plaintiff in the Complaint—including past and future lost employment wages and benefits, emotional distress damages, punitive

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA 94105
415.433.1940

damages, and attorneys' fees—it is apparent that the amount in controversy well exceeds $75,000. *See, e.g.*, *White v. FCI* USA, *Inc.*, 319 F. 3d 672, 674–76 (5th Cir. 2003) (affirmed district court determination that it was facially apparent that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorneys' fees); *Luckett v. Delta Air Lines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework"). To be sure, the average compensatory damage award for similar cases in California over a five-year period from 1992 to 1996 totaled $395,197, with a median award of $184,000. *See* David J. Jung, Jury Verdicts in Wrongful Termination Cases § IV.D. Table 3 (Univ. of Cal. Hastings Coll. of the Law Pub. Law Research Inst., 1997), *available at* http://gov.uchastings.edu/public-law/docs/plri/jury.pdf.

19. As there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and it is removable under 28 U.S.C. § 1441.

## III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

20. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon Defendant in the state court action are attached to this notice.

21. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned is and will provide written notice of such filing to Plaintiff's counsel of record: Erik J. Christensen of Gold Summit Legal, Inc., 548 Market St., Ste. 41750, San Francisco, CA 94104 and James K. Moore, Esq. of Law Office of James K. Moore at 1155 High Street, Auburn, CA 95603. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Francisco. *Id.*

///

22. Defendant has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

## IV. CONCLUSION

Based on the foregoing, Defendant hereby removes this action from the San Francisco County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided by law.

Dated: December 13, 2024

LITTLER MENDELSON, P.C.

*/s/ Lee E. Sheldon*

LEE E. SHELDON
ANGELA J. RAFOTH
SAMLECIA D. GAYE

Attorneys for Defendant,
BEAZLEY USA SERVICES, INC.

4914-4480-2822.1 / 058291-1066

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940