UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIYANA BROWN, <br><br> Plaintiff, <br><br> v. <br><br> BEAZLEY USA SERVICES, INC., et al., <br><br> Defendants. | Case No. 24-cv-09035-SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DISMISSING AS MOOT PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** <br><br> Re: Dkt. Nos. 11, 13 |

Before the Court is plaintiff's motion to remand this matter to San Francisco County Superior Court. Dkt. No. 11. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument, and VACATES the February 14, 2025 hearing. For the reasons stated below, the Court GRANTS the motion to remand and DISMISSES as moot plaintiff's motion to amend her complaint.

**BACKGROUND**

Plaintiff Kiyana Brown (plaintiff) filed a complaint in San Francisco County Superior Court on November 6, 2024 against corporate defendant Beazley USA Services, Inc. (defendant) and individual defendants Andrew Ortiz and Jenny Han.[1] Dkt. No. 1-2, Ex. A. ("Compl."). Plaintiff, a former underwriting assistant for defendant, asserts twelve individual and class-based causes of action grounded in the events that led to defendant's termination of plaintiff's employment. Defendant timely removed the case to federal court on the basis of diversity jurisdiction. Dkt. No. 1. Plaintiff has challenged that removal via a motion to remand. Dkt. No. 11 ("Mot."). More

---

[1] Plaintiff served defendant Beazley through its counsel but, as of January 27, 2025, has not yet successfully served the individual defendants. Dkt. No. 11-1, ¶¶ 6, 8, 14; Dkt. No. 13-2, ¶ 4.

recently, on January 27, 2025, plaintiff filed a motion seeking leave to amend her complaint, but stated that "her filing of this Motion [to Amend] should not be construed as her concession to this Court's jurisdiction as set forth in her currently-pending Motion for Remand." Dkt. No. 13.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The bases for federal subject-matter jurisdiction are: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship between plaintiffs and defendants and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332.

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

**DISCUSSION**

Defendant Beazley contends the Court has diversity jurisdiction over this action because (1) the amount in controversy exceeds $75,000 and (2) the one presumably[2] non-diverse defendant, Jenny Han, has been fraudulently joined. For the Court to retain jurisdiction, each contention must

---

[2] The complaint labels Han as a California resident on information and belief since she worked in Beazley's San Francisco office. Compl. ¶ 4. The notice of removal does not declare Han's citizenship, only stating that her citizenship must be disregarded. Dkt. No. 1 at 5. While a failure to specify citizenship normally defeats an assertion of diversity jurisdiction, *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001), this requirement logically does not apply when the removing party relies on fraudulent joinder.

be true. Plaintiff challenges both.

## I.     Amount in Controversy

The amount in controversy must exceed $75,000 for the Court to retain jurisdiction. 28 U.S.C. § 1332. If the complaint does not allege a specific amount, the removing defendant "bears the burden of establishing by a 'preponderance of the evidence' that it is 'more likely than not' that the amount in controversy exceeds $75,000." *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 912 (N.D. Cal. 2020) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)). The Court "may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy," but "conclusory allegations . . . are insufficient." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

Plaintiff's complaint asserts the aggregate value of claims in this case exceeds $35,000, but attaches no further dollar figure to her claims. Stepping into the void, defendant provides several reasons why it is "more likely than not" that this case meets the amount in controversy threshold. First, defendant notes the complaint's cause of action for whistleblower retaliation cites California Labor Code section 98.6(b)(3), which allows for civil penalties up to $10,000 per violation. Dkt. No. 12 ("Opp'n") at 4 (citing Compl. ¶ 104). Defendant then observes that the complaint alleges eight separate violations of the whistleblower retaliation statute, arguing that puts $80,000 into controversy. *Id.* (citing Compl. ¶ 108). Second, supported by a declaration to the notice of removal, defendant calculates that the amount of potential backpay for the period between plaintiff's discharge and the removal date equals $17,538. Opp'n at 5 (citing Dkt. No. 1-3). Additionally, based on her wage, the amount plaintiff would earn in the subsequent twelve months it might take for this case to reach conclusion would equal $56,998.50.[3] Opp'n at 5-6. Thus, the total backpay award could equal $74,536.50. Third, defendant highlights plaintiff's request for emotional distress

---

[3] Defendant alternatively casts this figure as back pay and then as front pay. However labeled, the Court finds the estimated length until trial to be fair even as a trial schedule has not yet been set. It is thus appropriate to include this figure in the aggregate amount in controversy.

damages; the notice of removal cites cases where such damages range from $25,000 to $3.5 million. Dkt. No. 1 at 11.[4] Fourth, defendant adds to the total plaintiff's requested attorney fees, suggesting that such fees could exceed the total damages. Opp'n at 7 (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ["The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."]). And fifth, defendant refers to plaintiff's request for punitive damages in six of her causes of action.

Plaintiff's reply brief attempts to cut each of these categories down. Dkt. No. 14 ("Reply") at 7-11. Plaintiff argues the civil penalties under the whistleblower retaliation statute is limited to a singular violation rather than eight violations, Reply at 7, but plaintiff misapplies the statute. The statute calls for the penalty for each violation. Cal. Lab. Code § 98.6(b)(3). A violation is "any adverse action" and plaintiff lists eight separate alleged adverse actions taken. Compl. ¶ 108. Plaintiff alleges each action was motivated by activity protected under the Labor Code. *Id.* Therefore, the Court finds defendant's interpretation to be correct. Next, plaintiff argues a lost wages award may be smaller due to a mitigation affirmative defense. Reply at 7. This could be true, but affirmative defenses do not factor into the total amount in controversy. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020). Plaintiff likewise challenges defendant's inclusion of emotional distress damages, punitive damages, and attorney's fees as speculative or unsupported by evidence. Reply at 7-10.

As a final argument, defendant points to plaintiff's refusal to stipulate to an amount in controversy under the statutory threshold as evidence that the requirement has been met, but most district courts in this circuit have rejected this line of argument. *Compare Buell v. PepsiCo, Inc.*, No. 224CV01832FLAKSX, 2024 WL 2186854, at *2 (C.D. Cal. May 15, 2024) *and Amirkhanian v. Costco Wholesale Corp.*, No. LACV2002582JAKAFMX, 2020 WL 4747612, at *4-5 (C.D. Cal. Aug. 17, 2020) *with Bitt v. Kone Inc.*, No. C 19-7896 SBA, 2020 WL 13931381, at *3 (N.D. Cal. Feb. 4, 2020). The Court does not find plaintiff's refusal to stipulate to be relevant evidence that

---

[4] Defendant also requests judicial notice of two jury verdicts. *See* Dkt. Nos. 12-2, 12-3, 12-4. Plaintiff objects, emphasizing that these verdicts are reported through Verdict Search, a private company, and are therefore not public records. Dkt. No. 14-1. The Court denies judicial notice of these verdict reports.

helps defendant meet its burden.

Nonetheless the Court holds that, through its cumulative argument, defendant has met its burden of proving the amount in controversy more likely than not exceeds $75,000. Plaintiff's attempt to label defendant's approach as "speculative" is unavailing. Mot. at 5. The Court finds that defendant has not "conjur[ed]" these figures, *see* Mot. at 6, but has given its best estimates based on what it knows at this stage in the case. Plaintiff gives no reason for the Court to discount the declaration that serves as the basis for defendant's backpay award estimate. *See* Dkt. No. 1-3. That award plus a minimal amount of civil penalties under Labor Code section 98.6 surpasses the $75,000 threshold, without even including emotional damages, punitive damages, or attorney's fees.

Put simply, it is more likely than not that the amount in controversy in this litigation exceeds $75,000. Accordingly, the Court will not remand the action to state court on this basis.

## II.     Fraudulent Joinder

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). A defendant is fraudulently joined if she "cannot be liable on any theory." *Id.* (internal quotation marks and citation omitted). But if there is a "possibility" that a viable claim exists against that defendant, then she was properly joined. *Id.* at 549. This "possibility" standard requires a lower threshold showing than what a plaintiff must allege to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 549-50. As such, a removing defendant "bears a heavy burden" to prove fraudulent joinder. *Id.* at 548 (internal quotation marks and citation omitted).

Plaintiff included defendant Han in two of her eleven individual-based causes of action: retaliation in violation of FEHA and intentional infliction of emotional distress (IIED). Compl. ¶¶ 115-24, 153-62. Defendant argues that (1) the FEHA retaliation claim fails as a matter of law, (2) the IIED claim is preempted by the Workers Compensation Act or, alternatively, is insufficiently

5

pled, and (3) plaintiff cannot amend her complaint to cure any deficiencies in her claims against Han. Opp'n at 10-15. Without a viable claim, defendant insists that Han is fraudulently joined.

The Court agrees that plaintiff's FEHA retaliation claim against Han individually fails as a matter of law. In *Jones v. Lodge at Torrey Pines P'ship*, 177 P.3d 232, 243 (Cal. 2008), the California Supreme Court foreclosed personal liability for non-employer individuals under FEHA's retaliation statute. Plaintiff, in fact, nearly conceded as much in her motion to remand and now seeks to rescind this claim against Han in her proposed amended complaint. Mot. at 9; Dkt. No. 13-2, Ex. B.

Moreover, Plaintiff's IIED cause of action is precluded by the Workers' Compensation Act unless plaintiff could possibly present any other viable FEHA claims against Han. Where there is a workplace injury, the state's workers' compensation scheme is, in general, the injured worker's "sole and exclusive remedy." Cal. Lab. Code § 3602. The California Supreme Court has provided two exceptions to this rule as applied to IIED claims: for conduct underlying a wrongful termination that "contravenes fundamental public policy" under *Tameny v. Atlantic Richfield Co.*, 610 P.2d 1330 (Cal. 1980) and "for conduct that exceeds the risks inherent in the employment relationship." *Miklosy v. Regents of Univ. of California*, 188 P.3d 629, 646 (Cal. 2008) (internal quotation marks and citation omitted). Conduct made unlawful by FEHA falls within this second exception. *Light v. Dep't of Parks & Recreation*, 221 Cal. Rptr. 3d 668, 689 (Cal. Ct. App. 2017). Therefore, the critical question before the Court is whether plaintiff could "possibly" amend her complaint to support another FEHA cause of action against Han. *See Grancare, LLC*, 889 F.3d at 549-50. If so, that claim—and then a derivative IIED claim[5]—could both be considered viable claims against Han that support a rejection of the fraudulent joinder argument.

In her motion to remand, plaintiff asserted that she intended to amend her complaint to allege a claim of gender-based harassment against all of the defendants, including Han. Mot. at 9. Subsequently, plaintiff filed a motion with this Court to amend her complaint, seeking to add a cause of action against Han and the other defendants for sexual and race-based harassment in violation of

---

[5] Only a single viable claim is necessary to defeat fraudulent joinder, so the Court need not analyze whether a derivative IIED claim in this context would also be viable.

1  FEHA. Dkt. Nos. 13 and 13-2, Ex. B. Substantial case law supports the proposition that if a plaintiff
2  could amend a complaint to cure any deficiencies, the removing party's high burden of proving
3  fraudulent joinder is not met. *See*, *e.g.*, *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018
4  WL 3646445, at *8 (N.D. Cal. Aug. 1, 2018) [finding it possible for a plaintiff to plead a more
5  specific harassment claim through amendment and thus rejecting a claim of fraudulent joinder];
6  *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159-60 (C.D. Cal. 2009) [same].

While defendant contends that the complaint includes no facts to support a sexual or gender-based harassment claim, the Court does not agree. Under FEHA, "'harassment' because of sex includes sexual harassment, gender harassment, and harassment based on pregnancy, childbirth, or related medical conditions." Cal. Gov't Code § 12940(j)(4)(C). The Legislature has also declared that a hostile work environment is present "when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being." Cal. Gov't Code § 12923(a). The original and operative complaint alleges that defendant Han criticized plaintiff and "expressed unmasked annoyance and aggression" toward her after learning of plaintiff's pregnancy. Compl. ¶ 31. Defendant Han allegedly participated in office chats that disparaged and ostracized plaintiff and attacked her character. *Id.* ¶¶ 40, 48. When plaintiff passed out at work, defendant Han allegedly told her it was her own fault. *Id.* ¶ 119. Plaintiff alleges that defendant Han then "led the charge" to get plaintiff terminated. *Id.* With further refinement,[6] these facts and others could "possibly" state a viable claim for harassment under FEHA in state court.

To reiterate, to defeat an accusation of fraudulent joinder, the law requires only a possible viable claim against defendant Han. Plaintiff has one. Defendant therefore does not meet its high burden to avoid remand.

---

[6] As noted previously, plaintiff has filed a motion to amend her complaint. Dkt. No. 13. The Court need not scrutinize the language of the proposed amended complaint, because the operative complaint leads to the conclusion that a viable claim is possible.

7

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand this action to the Superior Court of the County of San Francisco. Plaintiff's motion to amend the complaint at Docket Number 13 is DISMISSED as moot.

**IT IS SO ORDERED**.

Dated: February 7, 2025

SUSAN ILLSTON
United States District Judge